UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ELVIS MOTA                                                CIVIL ACTION

VERSUS                                                    NO: 15-1603

ERIC J. HOLDER, JR., ET AL.                               SECTION: R(5)

## ORDER AND REASONS

Pro se petitioner Elvis Mota filed a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241.[1] Mota also moved the Court to preliminarily enjoin the Government from removing Mota to the Dominican Republic.[2] Because the Court lacks jurisdiction, the Court dismisses Mota's petition without prejudice.

### I.  Background

Pro se petitioner Elvis Mota brings this section 2241 habeas petition seeking to be released from the custody of the U.S. Immigration and Customs Enforcement. At the time Mota filed his petition, he was in custody at the LaSalle Detention Facility in Jena, Louisiana, within the jurisdiction of the

---

[1]  R. Doc. 6.

[2]  R. Doc. 13.

1

United States District Court for the Western District of Louisiana.[3] Mota has since notified the Court that he has been transferred to the Etowah County Detention Center in Gadsden, Alabama.[4]

## II. Discussion

Section 2241 of Title 28 of the United States Code authorizes any person to claim in federal court that he or she is being held "in custody in violation of the Constitution or laws . . . of the United States. 28 U.S.C. § 2241(c)(3). To entertain jurisdiction over a section 2241 *habeas* petition, the federal district court must have jurisdiction over the petitioner or his custodian when the petition is filed. *United States v. Gabor*, 905 F.2d 76, 78 (5th Cir. 1990) (citations omitted); *see also Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999) ("Such a petition must be filed in the district where the prisoner is incarcerated."). Accordingly, a petitioner must file his habeas petition in the federal district in which he is physically present. *Gabor*, 905 F.2d at 78.

Here, Mota was neither incarcerated in the Eastern District of Louisiana at the time he filed his petition, nor is he currently incarcerated in this district. Accordingly, the Court does not have jurisdiction to consider the merits of

---

[3]     *See* R. Doc. 6 at 1.

[4]     *See* R. Doc. 12.

Mota's *habeas* petition. Mota's petition must be dismissed without prejudice. *See Lee v. Wetzel*, 244 F.3d 370, 375 (requiring courts to dismiss instead of transfer *habeas* petitions). Mota may re-file the petition in the proper forum.

### III. CONCLUSION

For the foregoing reasons, the Court DISMISSES WITHOUT PREJUDICE Elvis Mota's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 and DENIES AS MOOT Mota's Motion for Preliminary Injunction.

New Orleans, Louisiana, this  10th  day of September, 2015.

_____*Sarah Vance*_____

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE